IN THE UNITED STATES DISTRICT COURT FOR
THE DISTRICT OF MARYLAND, NORTHERN DIVISION

ROBERT TIMMS,

Petitioner,

v.

CIVIL NO.: WDQ-08-2607
CRIMINAL NO.: WDQ-05-508

UNITED STATES OF AMERICA,

Respondent.

* * * * * * * * * * * * *

MEMORANDUM OPINION

Pending is Robert Timms's *pro se* motion to vacate, correct, or set aside his sentence under 28 U.S.C. § 2255. Timms requested an evidentiary hearing on his motion. The Court has reviewed the pleadings and determined that no evidentiary hearing is necessary. *See* Rule 8 of the Rules Governing § 2255 Proceedings. For the following reasons, Timms's motion will be denied.

I. Background

On October 25, 2005, Timms was charged in a one count indictment with possession with intent to distribute 50 grams or more of cocaine base ("crack" cocaine) in violation of 21 U.S.C. § 841(a). Paper No. 12. On June 28, 2006, a jury convicted Timms of the lesser included charge of simple possession of 50 grams or more of cocaine base. Paper No. 39. On September 26,

2006, Timms was sentenced to 135 months imprisonment. Paper No. 47. On October 9, 2007, Timms's conviction and sentence were affirmed by the Fourth Circuit. *United States v. Timms*, No. 06-5049 (4th Cir. June 18, 2007). On December 3, 2008, Timms filed this motion to vacate, correct, or set aside his sentence under 28 U.S.C. § 2255. Paper No. 71.

II. Analysis

A. Standard of Review

The Sixth Amendment guarantees the effective assistance of counsel. *Strickland v. Washington*, 466 U.S. 668, 686 (1984). To prove ineffective assistance of counsel, Timms must show that: (1) counsel's performance was deficient and (2) the deficient performance prejudiced his defense. *Id.* at 687. Timms must establish that counsel made errors so serious that "counsel's representation fell below an objective standard of reasonableness." *Id.* at 688. Timms must also demonstrate a "reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id.* at 694.

Judicial scrutiny of attorney performance asks whether counsel's assistance was reasonable under the circumstances. *Id.* at 688. This scrutiny is highly deferential. *Id.* at 689.

B. Possession

Timms contends that the jury was improperly allowed to

convict him of simple possession, a crime he was not indicted for.

After an indictment has been returned, "its charges may not be broadened through amendment except by the grand jury itself." *Stirone v. U.S.*, 361 U.S. 212, 215-16 (1960).  A defendant may not be convicted of a charge not included in the indictment if that charge constructively amends the indictment so as to broaden the basis for criminal liability.  *United States v. Floresca*, 38 F.3d 706, 711 (4th Cir. 1994).

Possession of cocaine base is a lesser included offense of possession with intent to distribute cocaine base.  *U.S. v. Jones*, 204 F.3d 541, 544 (4th Cir. 2000).  Lesser included offenses need not be specified in an indictment.  *U.S. v. Baker*, 985 F.2d 1248, 1258 (4th Cir. 1993).

Timms's counsel argued that Timms possessed the cocaine base for personal use, Trial Tr. at 276-84, and requested that the Court instruct the jury on simple possession.  *Id.* at 298.  The verdict form instructed the jury to make findings about simple possession and possession with intent to distribute.  Paper No. 39.  Timms's counsel also requested that the verdict specify the quantity of cocaine base that Timms possessed: (1) less than five grams, (2) five grams or more but less than 50 grams, or (3) 50 grams or more.  *Id;* Trial Tr. at 311.  Had the jury found that Timms possessed less than five grams of cocaine base, he would

have been sentenced under the guideline range for simple possession, at an offense level of eight with his criminal history category III, resulting in a guideline range of six to 12 months. U.S.S.G. § 2D2.1(a)(1) (2005 ed.). Had the jury found that Timms possessed more than five grams but less than 50 grams of cocaine base, he would have been sentenced in a guideline range of 78 to 97 months.[1] U.S.S.G. § 2D2.1(b)(1) (2005 ed.).

Because the jury found that Timms possessed 50 or more grams of cocaine base, he was sentenced as if he had been convicted of intent to distribute, at an offense level of 32 with his criminal history category III, resulting in a guideline range of 151 to 188 months. *Id.*

Timms admitted possessing the drugs to the arresting officer, *see* Mot. Hr'g Tr. at 25-26, Trial Tr. at 162. Given the lower potential sentencing ranges for the verdict form ranges proposed by Timms's counsel, his counsel's factual decision to argue personal use was sound. *Roach v. Martin*, 757 F.2d 1463, 1476 (4th Cir. 1985). Timms has not demonstrated ineffective assistance of counsel.

C. Exculpatory Evidence

Timms alleges ineffective assistance because his counsel did

[1] Because of the verdict form quantity ranges proposed by Timms's trial counsel, a jury finding that he had possessed more than five but less than 50 grams, would have required a sentence within offense level 26–-the lowest offense level of a quantity of cocaine base greater than five grams.

not secure a copy of the videotape of the traffic stop leading to his arrest. Timms contends that: (1) James Sampson, an arresting officer, had a video camera on his police car that documented the June 30, 2005 traffic stop and search that led to Timms's conviction; (2) Sampson had a long-standing grudge against him; and (3) his Sixth Amendment confrontation right was impaired because the tape was not produced. Pet'r Mot. at 6; Pet'r Repl. at 3-4.

The June 30, 2005 traffic stop was upheld by the Fourth Circuit, and Timms has not contested the lawfulness of the stop or his subsequent search. *United States v. Timms*, No. 06-5049, at 8-14; Pet'r Mot. at 5. Accordingly, Timms has failed to show prejudice. *Strickland*, 466 U.S. at 694.

The government represents that there is no videotape of Timms's arrest, *see* Gov. Resp. at 9, and Timms has produced no contrary evidence or specified what helpful facts the non existent video would have shown. Accordingly, Timms has failed to demonstrate a Sixth Amendment violation and his motion must be denied.

## III. Conclusion

For the above stated reasons, Timms's motion to vacate, correct, or set aside his sentence will be denied.

May 1, 2009
Date

/s/
William D. Quarles, Jr.
United States District Judge